UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Jesse Reid, Jr., | ) | CASE NO. 5:15 CV 1639 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| Ray Mabus, Secretary of the Navy, *et al*., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Jesse Reid, Jr., has filed this mandamus action against the Secretary of the Navy Ray Mabus, his "Confidential Assistant" Sam Erhart, and 19 other defendants, including federal officials and agencies.  The plaintiff alleges the defendants violated duties to him under the "bad men" provision of the Treaty of Fort Laramie when "they acted as bad men" against him.  His alleged basis for this contention is that Defendants Mabus and Erhart "did nothing to investigate his claims that Navy Sea Systems Command in Washington, D.C. were the ones sending a wireless signal via satellite in real time to harass him electronically using synthetic technology because of law suits he filed against the federal government."  He alleges the other defendants "covered up" and/or failed to investigate this conduct.  The plaintiff seeks mandamus relief pursuant to 28 U.S.C. § 1361, ordering the defendants to "cease and desist and investigate [his] claims" and cease and desist "all harassing communications with [him]."  He also seeks $10 million in monetary damages for violations of his constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments.

The plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted; however, his complaint is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B), which requires district courts to dismiss any *in forma pauperis* action the court determines is frivolous or malicious, fails to state

a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). Basic pleading essentials are not abrogated in *pro se* cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989). In order to state a claim, a *pro se* complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011). *See also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. §1915(e)(2)(B)). A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient to meet pleading standards. *Twombly*, 550 U.S. at 555.

A complaint is frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Such a basis is lacking when a complaint is based on an indisputably meritless legal theory or its factual contentions are clearly baseless. *Id*. at 327. An action also has no arguable basis in fact "if it describes fantastic or delusional scenarios." *Abner v. SBC (Ameritech)*, 86 Fed. App'x 958, 958–59 (6th Cir. 2004); *see also Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).

Federal district courts have jurisdiction to grant mandamus relief under 28 U.S.C. § 1361

"to compel an officer or employee of the United States or agency thereof to perform a duty owed to the plaintiff." "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Carson v. United States Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011), citing *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980).  Mandamus is available only if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Id*.

Even when liberally construed, the plaintiff's complaint fails to state a valid legal claim which could support federal mandamus relief.  The plaintiff's allegations do not reasonably suggest the plaintiff has any plausible legal claim, in mandamus or otherwise, against the defendants. Rather, the plaintiff's complaint at best alleges a scenario that can only be described as "fantastic or delusional."

In sum, the Court finds the plaintiff's complaint fails to state a claim on which relief may be granted and is legally and factually frivolous.

**Conclusion**

Accordingly, this mandamus action is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: August 28, 2015               */s/ John R. Adams*
                                    JOHN R. ADAMS
                                    UNITED STATES DISTRICT JUDGE